## Rogers v. Board of Prison Commissioners of Kentucky.

(Decided December 15, 1914.)

### Appeal from Franklin Circuit Court.

Prisons—Parole of Prisoners.—One convicted of forgery in 1912 and sentenced under the Indeterminate Sentence Law of 1910, must serve the minimum term of imprisonment fixed by law for that crime, before eligible to parole. Kentucky Statutes 3801 does not affect him, or operate to give him the benefit of the commutation for good behavior provided for therein.

JAMES H. POLSGROVE and J. E. WARREN for appellant.

JAMES GARNETT, Attorney General, and CHARLES H. MORRIS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming.

In October, 1912, appellant, W. B. Rogers, was tried and convicted in the Kenton Circuit Court of the crime of forgery; and at the same term, pursuant to the statute fixing the penalty therefor at from two to ten years' confinement in the penitentiary, an indeterminate sentence was passed upon him. On November 11, 1912, he was committed to and received into the State Penitentiary.

On June 2, 1914, after serving nearly one year and seven months of the minimum sentence fixed, he applied to the Board of Prison Commissioners for parole. This being denied, he sought to compel the Board to grant him a parole, by a mandamus proceeding instituted by him in the Franklin Circuit Court. The court having sustained a demurrer to the petition and dismissed the proceeding, he appeals.

Appellant bases his asserted right to a parole upon the Parole Act of 1910 (Acts 1910, page 61) as construed by this court in Wilson v. Commonwealth, 141 Ky., 341,

and Board of Prison Commissioners v. DeMoss, 157 Ky., 289. Under that Act as construed, he would be entitled to a parole as a matter of right after the expiration of the minimum term for which he was sentenced. He contends, however, that in fixing the period which he must serve in satisfaction of the minimum term for which he was sentenced, he is entitled to the commutation of seven days in each calendar month provided for in Section 3801, Kentucky Statutes, which statute allows to each prisoner confined in the penitentiary against whom no charge of misconduct is sustained, a commutation of seven days in each calendar month for good behavior; and that, therefore, although he has served but one year and seven months, and the minimum term for which he was sentenced was two years, he is entitled to a parole.

The Parole Act of 1910 provides that no person confined in the penitentiary shall be eligible to parole unless he shall have been obedient to the rules and regulations of the institution for at least nine consecutive months next preceding the date of his parole.

And appellant argues that as a commutation of seven days in each calendar month would reduce a twelve months' term to approximately nine months, it was the intention of the Legislature that the commutation for good behavior should be deducted from the minimum sentence.

But the Parole Act of 1910 specifically says that ''no person shall be eligible to parole or entitled to the provision of this Act until he shall have served the minimum term of imprisonment provided by law for the crime for which he was so committed.''

If it was the legislative intent that there should be deducted from the minimum term provided by law, the commutation allowed to persons convicted before the passage of this Act, we should expect to find such intent definitely expressed therein. The Legislature has not seen fit to make such provision.

The provisions of Section 3801, Kentucky Statutes, had no relation to paroles at the time of the enactment thereof. The statute affected prisoners who were not paroled, by reducing the term of imprisonment for good behavior. It was not a part of Chapter 97, Kentucky Statutes, 1909, which was repealed by the Parole Act of 1910, for the reason that it had no relation to paroles. And while not expressly repealed by the Parole Act of

1910, it does not affect the rights of persons convicted under the Indeterminate Sentence Law while the Parole Act of 1910 was in effect.

Appellant was sentenced for a minimum term of two years, and is not entitled to a parole before the expiration of that time.

Judgment affirmed. Whole court sitting.